

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

April 12, 1966

Honorable Joe Resweber
County Attorney
Harris County
Houston, Texas

Dear Mr. Resweber:

Opinion No. (C-654)

Re: Appointment and Compen-
sation of attorneys to re-
present accused persons in
examining trials.

In a recent opinion request of this office you pose
the following questions:

"1.  Can a justice of the peace appoint an
attorney for accused in examining trials
held by him?

"2.  Is an arraignment the same as an examining
trial, as used in Article 16.01, C.C.P.,
and Article 26.04, C.C.P.?

"3.  By what amount is an attorney to be compen-
sated for representing an accused in an
examining trial?

"4.  Where the same attorney represents two or
more persons in one or more courts on the
same day and the fees for appointed counsel
are included in the costs of court under
Article 26.05, C.C.P., to whom are such
costs to be taxed?

"5.  Does the attorney appointed for an examin-
ing trial have to represent the accused
in a subsequent trial in County or District
Court for the same fee, or does the Judge
of the County or District Court have the
duty to appoint the same or a different
attorney at additional fees set by Article
26.05, C.C.P., to be paid upon the trial
of the case?"

For convenience we will number the paragraphs of this
opinion so as to correspond with the numbers you have given
the questions.

-3163-

1.  A justice of the peace may appoint counsel to represent an accused in an examining trial held by him only. · Article 16.01, Code of Criminal Procedure, 1966, concerning examining trials, provides as follows:

> "When the accused has been brought before a magistrate for an examining trial that officer shall proceed to examine into the truth of the accusation made, allowing the accused, however, sufficient time to procure counsel.  In a proper case, the magistrate may appoint counsel to represent an accused in such examining trial only, to be compensated as otherwise provided in this Code.  The accused in any felony case shall have the right to an examining trial before indictment in the county having jurisdiction of the offense, whether he be in custody or on bail, at which time the magistrate at the hearing shall determine the amount or sufficiency of bail if a bailable case."

From the above quoted article it seems clear that a magistrate has the authority to appoint counsel to represent an accused in an examining trial only.  Article 2.09, Code of Criminal Procedure, 1966, among other things, designates justices of the peace as magistrates.  In view of the foregoing, it is the opinion of this office that a justice of the peace may appoint an attorney for an accused in an examining trial held by said justice of the peace.

2.  Your second question is answered in the negative since it is the opinion of this office that an arraignment as described in Article 26.04, Code of Criminal Procedure, 1966, is not the same as an examining trial as described in Article 16.01.  In the first place, it should be noted that Chapter 16 of the Code, and the numerous provisions thereof, is almost entirely concerned with the setting out of various rules of procedure which apply to examining trials, such as the taking of testimony therein.  On the other hand, Chapter 26, of the Code ,1966, dealing with arraignment, has no similar procedure set forth, and in fact Article 26.02, thereof states that the purpose of an arraignment is simply for the fixing of the identity of the defendant and hearing his plea.  Apparently the only other thing to be done at time of arraignment would be the appointment of counsel if necessary.  We therefore observe that there is a vast

distinction made by the Legislature with regard to arraignment and examining trials, and it seems clear that that body intended there be a distinction between the two. In addition to this, a distinction between an arraignment and an examining trial was pointed out in Attorney General's Opinion No. WW-1320 and Brown v. State, 118 SW 139 (Tex. Crim. 1909).

3. Article 16.01 provides that an attorney appointed to represent the accused in an examining trial shall be "compensated as otherwise provided in this code". The only provisions providing for compensation of appointed counsel are contained in Article 26.05, Code of Criminal Procedure, 1966. However, Article 26.05 would on its face seem to be applicable only to a situation where the appointed counsel had been in "trial court". All of the provisions of 26.05, setting out fees to be paid appointed counsel in instances other than on appeal, speak in terms of days spent in trial court. It seems clear that a magistrate holding an examining trial would not be a "trial court" as that term is used in the statute, and the language of Article 26.05 would at first reading indicate that an attorney appointed to represent an accused in an examining trial would not be compensated for his efforts. It is our opinion, however, that the Legislature intended that an attorney appointed under the provisions of Article 16.01, be compensated in accordance with the provisions of Article 26.05. Article 16.01 clearly contemplates that such an attorney would be compensated as provided in the code. Article 26.05 contains the only provisions related to compensation of appointed attorneys, and it is the opinion of this office that an attorney appointed under the provisions of Article 16.01, would be eligible for compensation in accordance with the terms of Article 26.05.

4. You next inquire if the same attorney represents two or more persons in one or more courts on the same day and the fees for appointed counsel are included in the costs of court under Article 26.05, to whom are such court costs to be taxed. We are of the opinion that Section 3 of Article 26.05 is unconstitutional, and therefore do not address ourselves to your specific question. Said Section 3 provides as follows:

> "All payments made under the provisions of this Article may be included as costs of court."

Although this provision is of course discretionary with the court, it seems clear that in many instances, in

both felonies and misdemeanors, indigent persons for whom attorneys have been appointed would be charged a sum of money for their decision to excercise their constitutional right to counsel.

In Gideon vs. Wainwright, 372 U.S. 335, (1963), an unanimous Supreme Court held that the Sixth Amendment's provision that in all criminal prosecutions the accused shall enjoy the right to have the assistance of counsel for his defense was made obligatory upon the states by the Fourteenth Amendment. In a concurring opinion, Mr. Justice Harlan pointed out that it was not necessary to decide in Gideon whether the decision applied to all criminal cases as opposed to only those which carried the possibility of a substantial prison sentence. However, in Harvey vs. Mississippi, 340 F. 2d 263 (1963), the Court of Appeals for the Fifth Circuit held that the failure to advise a person accused of a misdemeanor, punishable by possible confinement, of his right to the assistance of counsel, invalidated his guilty plea and rendered his conviction and subsequent incarceration constitutionally improper. We think it clear, therefore, that in all felonies and at least in all misdemeanors punishable by possible confinement in jail, the accused has the right to the assistance of counsel. Additionally, Article 26.05, Section 1, provides for the appointment of counsel in all felonies and misdemeanors punishable by imprisonment. We are thus confronted with the situation that if Section 3 of Article 26.05 is allowed to stand, there will be many instances in Texas when an indigent defendant who excercises his right to have the assistance of counsel and has one appointed for him by the court will be charged a sum of money simply because he excercises his right.

In Griffin vs. Illinois, 351 U.S. 12 (1956), the United States Supreme Court held that an indigent defendant was entitled to have free of costs an appellate record in order that he might perfect an appeal of his conviction. Although we realize that Griffin is not directly in point here, it is analogous to our situation. Then in Griffin vs. California, 380 U.S. 609 (1965), the United States Supreme Court held that adverse comment by a prosecutor or a trial judge upon a defendant's failure to testify in a State criminal trial violates the Federal privilege against compulsory self incrimination, because such comment "cuts down on the privilege by making its assertion costly." We believe the reasoning in Griffin to be applicable here since to assess a charge against a defendant in the event he excercises his constitutional right to the assistance of counsel cuts down on this privilege by making its assertion costly. We are

of the opinion, therefore, that Section 3 of Article 26.05 is unconstitutional.

5. An attorney appointed for an examining trial is appointed to represent the accused in the examining trial only. Article 16.01, quoted earlier in this opinion, states, among other things, that the magistrate may appoint counsel to represent an accused in an examining trial only. We interpret this provision to mean that a magistrate, before whom a person is brought for an examining trial, has the authority to appoint counsel for the purpose of representing the accused only in the examining trial. Therefore, if subsequent appointment of counsel is deemed necessary by the trial court, said court has the duty to appoint the same or a different attorney to represent the accused after the examining trial, and the additional fees as prescribed in Article 26.05, should be paid.

## S U M M A R Y

A justice of the peace may appoint an attorney for an accused in an examining trial held by said justice of the peace. An arraignment is not the same as an examining trial. An attorney appointed to represent an accused in an examining trial is to be compensated in accordance with the provisions of Article 26.05, C.C.P., 1966. Section 3 of Article 26.05 is unconstitutional. An attorney appointed by a magistrate for the purpose of representing an accused in an examining trial is appointed for that purpose only, and if appointment of counsel is necessary for the accused subsequent to the examining trial, the appropriate trial court has the duty to appoint the same or a different attorney to represent the accused.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By Sam Kelley
Sam Kelley
Assistant Attorney General

SK/lh